## In re BANOS.

(District Court, W. D. Pennsylvania. April 22, 1925.)

No. 11794.

Fixtures ☞7—Soda fountain held not within statute as to conditional sale of "chattels attached to realty."

Act Pa. May 1, 1923 (P. L. 117; Pa. St. Supp. 1924, §§ 19734a1–19734a13), relating to conditional sales of "chattels attached or to be attached to realty," *held* not applicable to a soda fountain apparatus, which was attached to the walls of the room only by bolts and to the floor by angle irons, and could be removed without material injury to the building, and which, under the settled law of Pennsylvania, was an ordinary trade fixture, removable by the tenant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel.]

In Bankruptcy. In the matter of Dennis Banos bankrupt. On review of order of referee. Affirmed.

Brooks, English & Quinn, of Erie, Pa., for Harvey & Carey, Inc.

Henry C. Baur, of Erie, Pa., for trustee.

SCHOONMAKER, District Judge. A reclamation petition was filed by Harvey & Carey, Inc., conditional vendors of a soda fountain apparatus to bankrupt, asking the return of the property to them. The referee denied their petition, and the case is now before the court on certificate of review.

Two questions are presented: (1) Was the soda fountain apparatus involved so attached to the realty as to come within the provisions of the Pennsylvania Act of May 1, 1923 (P. L. 117; Pa. St. Supp. 1924, §§ 19734a–1 to 19734a–13) entitled "An act concerning conditional sales of chattels attached or to be attached to realty, and regulating the recording and effect thereof; and providing remedies, and penalties"? And (2) if the act does apply, does the conditional sale contract sufficiently and correctly describe the premises where the chattels are attached?

By agreement of April 14, 1924, Harvey & Carey, Inc., sold to bankrupt a soda fountain apparatus for $750, on condition that title remain in vendor until the purchase price was paid. This agreement described the premises where the soda fountain was to be located as No. 1718 Peach street, Erie, Pa., when the correct number of the premises where the soda fountain was installed was No. 1716 Peach street. The owner of the premises is described in the sale agreement as "E. E. Galinsky," when the

correct name of such owner was D. Galinsky.

The conditional sale agreement was recorded in the recorder's office of Erie county, Pa. Unless said sale comes within the terms of the Pennsylvania Act of May 1, 1923 (P. L. 117), the conditional sale contract was void as against the creditors of the bankrupt under the Pennsylvania act, and therefore void as against the bankrupt's trustee under section 47a (2) of the Bankruptcy Act, as amended in 1910 (Comp. St. § 9631). In re Hartdagen (D. C.) 189 F. 546.

The referee has held that the act does not apply, and that, even if it did, the premises and owner of the property are not sufficiently described to give validity to the conditional sale contract. On turning to the Pennsylvania act, we find that it applies exclusively to "chattels attached or to be attached to realty." Section 1 (Pa. St. Supp. 1924, § 19734a–1) provides: "That every provision in a conditional sale contract in writing, reserving to the seller the property in chattels attached or to be attached to realty until the price of the whole, or any portion thereof, shall be paid or until the performance or happening of any other condition or contingency, shall be valid as to all persons, except as hereinafter otherwise provided."

The exceptions noted in the act cover only three classes of persons: (1) The owner of realty to which the chattels are attached; (2) a subsequent purchaser, mortgagee, or incumbrancer of the realty for value and without notice; and (3) a prior mortgagee or incumbrancer of the realty. The exceptions prevail only when the conditional sale contract has not been recorded in the recorder's office of the proper county. The trustee is not within any of these excepted classes, and we must therefore determine whether this particular conditional sale contract comes within this act at all; i. e., whether the soda fountain apparatus covered by the contract comes within the meaning of the words "chattels attached or to be attached to realty."

The referee found the following facts as to the attachment of the soda fountain: "That said soda fountain apparatus was placed on said premises and attached to the wall only by bolts, and to the floor by angle irons, and that said soda fountain apparatus can be removed from said premises without material injury to the freehold." From these facts he drew the legal conclusion that the soda fountain apparatus did not come

within the purview of the act, because it was not attached to the realty, but only bolted on the wall and floor as an ordinary trade fixture.

This act has never been construed by the state courts of Pennsylvania, so far as we can find. If it was the purpose of the act merely to protect the conditional vendor in his title to chattels which would otherwise become a part of the realty, then this act has no application to the instant case; for this soda water fountain was certainly a trade fixture under the Pennsylvania law, and was therefore removable by the tenant. There is nothing in the act that undertakes to disturb the law of Pennsylvania as to the rights of creditors under conditional sale contracts in general. It only applies to "chattels attached or to be attached to realty," and it would appear reasonable that those words should be construed as they were ordinarily understood at the time of the passage of the act.

So construing the act, the words would mean "attached so as to become a part of the realty." If the Legislature had intended that what was ordinarily known as "trade fixtures" should come within the provisions of the act, it would have been very easy to say so. This act is in derogation of the common law of Pennsylvania, and must be strictly construed. We therefore conclude that the referee was right in his construction of the act as not applicable to the soda fountain claimed by the petitioners in this case.

This view of the conditional sale contract makes unnecessary any discussion of the errors in the description of the premises and the name of the owner as disclosed by the record in this case. The exceptions to the order of the referee in this case are therefore all dismissed, and the case will be referred back to the referee, so that his order of January 8, 1925, may be complied with.