## In re COTTAGE BAKERIES CO.

(District Court, W. D. Pennsylvania.   April, 1926.)

No. 11933.

Bankruptcy ⟨key⟩140(1)—Oven sold to bankrupt held not within statute as to conditional sales of chattels to be attached to realty, and sale void as to creditors and bankruptcy trustee (Pa. St. Supp. 1924, §§ 19734a1–19734a13; U. S. Comp. St. § 9631).

In absence of evidence that an oven conditionally sold to bankrupt bakery company was or was to be attached to realty, Act Pa. May 1, 1923 (P. L. 117; Pa. St. Supp. 1924, §§ 19734a1–19734a13), relating to conditional sale of chattels "attached or to be attached to realty," does not apply, and under Pennsylvania law and bankruptcy Act, § 47a, as amended by Act Cong. June 25, 1910, § 8 (U. S. Comp. St. § 9631), the condition is void as to creditors and as against bankrupt's trustee.

In Bankruptcy.   In the matter of the Cottage Bakeries Company, bankrupt.   On petition for priority by the Middleby Oven Company.   Denied.

Conrad & FlaHavhan, of Pittsburgh, Pa., for receiver.

Chas. P. Walter and McVicar, Hazlett, Gardner & Gammon, all of Pittsburgh, Pa., for Middleby Oven Co.

SCHOONMAKER, District Judge.   The Middleby Oven Company has filed a petition asking for an order upon the receiver in this case to pay to the petitioner $364.38, the balance alleged to be due the petitioner on the purchase price of an oven sold to bankrupt on a conditional sale contract dated October 9, 1923.   The personal property of the bankrupt, including the oven, was sold by the receiver at public auction for a lump sum, and the receiver now has in his hands the proceeds of this sale.   There is nothing to indicate the portion of the purchase price that could be allotted to this oven.

The receiver has answered this petition, denying the right of the petitioner to the relief prayed for.   The question involved is: Does the conditional sales contract set out in the petition come within the provisions of the Pennsylvania Act of May 1, 1923 (P. L. 117; Pa. St. Supp. 1924, §§ 19734a1–19734a13)?   Turning to that act, we find that it is entitled: "An act concerning conditional sales of chattels attached or to be attached to realty, and regulating the recording and effect thereof; and providing remedies, and penalties."

There are no facts alleged in this petition to bring this case within the act.   There is no allegation and there is no proof that this oven was attached or was to be attached to the real-

ty, and, unless the sale comes within the precise terms of the Pennsylvania act, the conditional sale was void as against the creditors of the bankrupt under the Pennsylvania law, and therefore void as against the bankrupt's trustee, under section 47a2 of the Bankruptcy Act, as amended in 1910 (Comp. St. § 9631).   In re Hartdagen (D. C.) 189 F. 546.

We had almost precisely the same situation in this court at No. 11794, in Bankruptcy, In re Dennis Banos, Bankrupt, 8 F.(2d) 95, involving a soda water fountain, and we there held that the act did not apply.

We therefore can but conclude in the instant case that the petitioner is but a general creditor, and not entitled to the relief prayed for.   His petition for special relief must be denied, but without prejudice to his rights to claim as a general creditor.

An order may be entered accordingly.