## STAUDE MFG. CO. v. WOLFE.

### In re LIGHT.

(Circuit Court of Appeals, Third Circuit. March 3, 1927.)

No. 3538.

1. Fixtures ⊂⇒22—Statute relating to conditional sales of chattels to be attached to realty held to determine rights only as between seller and owner or incumbrancers of the "realty" (Pa. St. Supp. 1924, §§ 19734a1 to 19734a13).

In Act Pa. May 1, 1923 (P. L. 117; Pa. St. Supp. 1924, §§ 19734a1 to 19734a13), providing that conditional sale contracts for chattels attached or to be attached to realty shall be valid as to all persons except the owner of the realty who has not consented, or purchasers or incumbrancers of the realty without notice, as to whom it shall be void unless recorded, the word "realty" means freehold, and the statute applies and determines rights only as between the seller of the chattel and the owner or incumbrancers of the freehold to which it is attached, and not between the seller and creditors of the purchaser.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Property.]

2. Bankruptcy ⊂⇒140(1½)—Box-gluing machine, purchased by bankrupt under conditional sale and attached by screws, held "trade fixture," passing to his trustee.

Bankrupt, a manufacturer and tenant of a loft in a large building, occupied by many tenants, purchased a box-gluing machine from claimant under a conditional sale contract, and attached it to the floor by two-inch screws. Held that, under the law of Pennsylvania, it was a trade fixture, removable by bankrupt, and passed to his trustee, as against claimant's reservation of title in the sale contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trade Fixtures.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

In the matter of Isidore Light, trading as the Light Manufacturing Company, bankrupt; Bertram K. Wolfe, trustee. From an order denying a petition for reclamation by the Staude Manufacturing Company, it appeals. Affirmed.

Benjamin H. Ludlow, of Philadelphia, Pa., for appellant.

Bertram K. Wolfe, of Philadelphia, Pa., pro se.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Isidore Light, trading as Light Manufacturng Company, was engaged in the manufacture of boxes in a rented loft of a large building whose floors, as in such structures, were leased to many tenants for varied purposes. In 1924, Staude Manufacturing Company sold the Light Manufacturing Company, under a contract of conditional sale, for use in its manufacturing business, a folding box gluer for a named sum, payments part in cash and the remainder in monthly installments. The machine was attached to the floor at its four corners by two-inch screws and operated by belting from an electrically driven shaft. The contract of conditional sale was recorded but improperly indexed. Before all deferred payments had been made, Light, individually, and trading under the company name, went into bankruptcy. The Staude Company, by reclamation proceedings duly instituted, made claim to the machine by reason of the title it had reserved by its contract of conditional sale.

[1]. Sales of this character are invalid under Pennsylvania law except when made under the Act of Assembly of that state, passed May 1, 1923 (P. L. 117; Pa. St. Supp. 1924, §§ 19734a1 to 19734a13), which provides, in words whose present pertinency we italicize, as follows:

"Section 1. , That every provision in a conditional sale contract in writing, reserving to the seller the *property* in chattels *attached or to be attached to realty* until the price of the whole, or any portion thereof, shall be paid * * * shall be valid *as to all persons, except* as hereinafter otherwise provided." Pa. St. Supp. 1924, § 19734a1.

The exceptions, conforming to the Pennsylvania policy opposed to conditional sales, provide that as against the owner of realty to which a chattel is attached, who is not a party to the contract or has not assented to the reservation of title in the chattel, such reservation of title shall be void "as to any chattels which are so attached to the realty as to form a part thereof" (section 2 [P. L. 117; Pa. St. Supp. 1924, § 19734a2]) and that as against a prior or subsequent purchaser, mortgagee, or incumbrancer of realty without notice of the reservation of property in a chattel so attached to realty, such reservation shall be void, unless, in each of these several instances, the conditional sale contract be recorded as required.

The referee, finding the machine in question not a chattel within the provisions of the cited Act and therefore property of the bankrupt which passed to his trustee, disallowed the claimant's petition and directed the proceeds of its sale (previously made for convenience) be turned over to the trustee of the bankrupt. The District Court denied a petition for review and the case is here on the claimant's appeal.

It would seem that by excepting, in certain situations, the owner, purchaser and incumbrancer of realty from the general group of "all persons" as to whom conditional sales of chattels attached to realty are valid, the statute admits the validity of a reserved title in a conditional sale of a chattel when attached to the realty as it affects the vendor and vendee, and their respective trustees in bankruptcy, when they conform to its requirements.

The claimant, vendor, regarding itself a person within the expression "all persons" found in the first section of the cited Act, and claiming that the contract of conditional sale was seasonably and therefore validly recorded and that the machine was "attached to [the] realty," maintains that the conditional sale fell under the Act of 1923 and the title of the machine, having been reserved, is thereby withheld from the trustee of the bankrupt and remains in the claimant with the right on its part to recover the machine and retain it. The trustee for the bankrupt maintains that the conditional sale was not under the Act but under the general law of Pennsylvania adverse to such sales, and, in consequence, the machine, on the bankruptcy of the vendee, passed to his trustee. In support of their opposing positions the parties elaborately discussed the many Pennsylvania decisions on the law of trade fixtures, evidently believing that according as the court should find the machine was or was not such a fixture the applicability of the cited Act, saving the plaintiff its property, would be determined. If that be the test, we readily

find with the referee and court that on authority of Pennsylvania decisions the machine in question, considered in respect to its character, use, placement and the intention of the parties, was a trade fixture and though temporarily affixed to the realty it was not thereby a gift to the owner of the realty but remained in the contractual possession of the vendee, subject to be removed from the premises at his pleasure.

As the matter appealed from is an order in a reclamation proceeding in bankruptcy, it occurs to us that the major question is not whether the fixation of the machine to the floor of the loft by two-inch screws constitutes it a fixture and transforms it from personal property into real property, for that question would arise only in a contest at law between the vendor of the machine and the owner of the realty. This is a contest in bankruptcy between the vendor claimant and the trustee of the bankrupt vendee. If the machine was attached to realty so as to be a part thereof, the claimant, for one reason, cannot recover it from the owner of the realty in this proceeding; if not so attached to the realty, the claimant, for another reason, cannot recover it from the trustee; both reasons being too obvious to elaborate. The case, we think, turns fundamentally on the meaning of the statute, which, in the absence of interpretation by courts of the state of its enactment, we find, very reluctantly, we must construe.

It is clear that the Act of 1923 was enacted primarily if not wholly for the benefit of the owner of real property, or of one holding a lien against his property and that it constitutes an exception to a fixed and long continued attitude of Pennsylvania against conditional sales as sales which operate in fraud of general creditors of vendees. That policy still persists in all its rigor for the protection of creditors except as modified by this statute; and this statute deals with only one thing, namely, conditional sales of chattels "attached or to be attached to realty." Section 1 (P. L. 117; Pa. St. Supp. 1923, § 19734a1). Construed as they were ordinarily understood at the time of the passage of the Act, these quoted words mean, as elsewhere declared in the Act, "chattels which are so attached to the realty as to form a part thereof." Section 2 (P. L. 117; Pa. St. Supp. 1923, § 19734a2). Realty is of two kinds: leasehold and freehold. If by the word "realty" the statute intends leasehold, and being silent on the subject of trade fixtures, we discern no reason for its enactment, for then the very vice of such a sale, that is, fraud of creditors against which the policy of Pennsylvania law still declares, would persist. If, on the other hand, the statute in using the word "realty" means freehold, an entirely new situation arises and with it an entirely comprehensible new policy—yet a carefully restricted one—which provides a way by which, for instance, an owner of realty may obtain machinery for his plant with title reserved and payments deferred against what otherwise would be an impossible transaction, for on attaching the chattel to the realty it would become a part of it and, ceasing to be personal property, it would no longer be the subject of a conditional sale.

[2] Conceivably, the statute also provides that a lessee may validly avail himself of a conditional sale of a chattel to be attached to the freehold with the consent of the owner or incumbrancer, such consent amounting to relinquishment by them of that part of the freehold which but for its attachment was a chattel. The history of the subject of the statute, viewed in the light of existing law and read in regard to its plain intendment, moves us to construe the word "realty" in the sense of freehold and to leave the law of trade fixtures where it was. For this reason, as well as on the reasoning in a like case before the District Court of the United States for the Western District of Pennsylvania in the matter of Dennis Banos, 8 F.(2d) 95, 5 Am. Bankr. R. (N. S.) 772, we find that, as neither the bankrupt nor his trustee had any interest in the freehold to which the chattel in question was affixed and as the chattel which was the subject of the claimant's conditional sale was not "attached" to the freehold, the transaction did not fall under the Act of 1923. In consequence, the chattel passed to the trustee of the vendee bankrupt under general Pennsylvania law and the proceeds of its sale belong to him.

The order is affirmed.